IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE BILLIE and RONALD BILLIE, h/w, | CIVIL ACTION |
| Plaintiffs, | NO. 5:12-cv-02261-MMB |
| v. | |
| AUTISM SPEAKS, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## AMENDED COMPLAINT

1. The Plaintiffs, Paulette Billie and Ronald Billie, husband and wife, are adult individuals residing at 2122 Main Street, Whitehall, Lehigh County, PA 18052.

2. The Defendant, Autism Speaks, Inc., is a non-profit corporation believed to be organized under the laws of the state of Delaware with offices at 1060 State Road, 2nd floor, Princeton, Morris County, NJ 08540-1423.

## JURISDICTION
(Diversity of Citizenship)

3. The court has jurisdiction over this matter under the Diversity of Citizenship in that the Defendant is a Delaware Corporation with its principal place of business either in New Jersey or New York, and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000). Hence, Plaintiff is a Pennsylvania citizen and the Defendant is a Delaware citizen.

4. On or about April 16, 2011, Plaintiff, Paulette Billie was a patron on Defendant's premises at the Lehigh Parkway in Allentown, Lehigh County, Pennsylvania at the request of Defendant and suffered a slip and fall while walking in the designated parking area.

## COUNT - NEGLIGENCE
### (Plaintiff Paulette Billie v. Autism Speaks)

5. The allegations of paragraphs 1 through 4 inclusive are incorporated herein as if fully set forth at length.

6. At all times herein relevant, Defendant, Autism Speaks and was responsible for, maintained and prepared an event at Lehigh Parkway, Allentown, Lehigh County, Pennsylvania 18104.

7. On or about April 16, 2011, Plaintiff was a passenger in a vehicle attending an event called Autism Speaks Walk Lehigh Valley, and this vehicle parked in the designated area at the specific direction of an employee of Defendant.

8. On or about April 16, 2011, at the time and place aforesaid, as Plaintiff departed the vehicle and proceeded to walk towards the event area, and despite the exercise of due care and caution, Plaintiff tripped in a hole in the parking lot near the vehicle.

9. At the time and place aforesaid, one of the Defendant's employees or other persons saw the slip and fall and immediately called an ambulance.

10. The Defendant entered into a contractual relationship with the City of Allentown assuming all liability for injuries at the event, and because they are the occupier of the Lehigh Parkway for one day.

11. An occupier of land is required to use reasonable care in the maintenance and use of the land, and to protect invitees from foreseeable harm. An occupier of land is also required to inspect the premises and to discover dangerous conditions. An occupier of land is liable for harm caused to invitees by a condition on the land if:

    a. the occupier knows or by using reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm and

  b. the occupier should expect that the invitees will not discover or realize the danger, or will fail to protect themselves against it, and

  c. the occupier fails to use reasonable care to protect the invitees against the danger.

12. As a direct and proximate result of Defendant's negligence, Plaintiff was taken by ambulance to Lehigh Valley Hospital, Cedar Crest following the fall.

13. At the time and place aforesaid, Defendant was negligent in the following respects:

  a. in failing to exercise due care to provide reasonably safe access to and from Defendant's premises;

  b. in failing to exercise due care to make patrons aware of any dangers such as holes on Defendant's property so as to create an unreasonable risk of harm to Plaintiff;

  c. in inviting Plaintiff onto Defendant's business premises without providing a reasonably safe walkway throughout their property;

  d. in inviting Plaintiff onto Defendant's premises despite Defendant's knowledge of a dangerous condition of the land which Defendant should expect that invitees, such as Plaintiff, would not discovery or realize the danger thereof;

  e. in failing to inspect the area known to have holes because of animal activity which is a standard practice for occupiers leasing the Lehigh Parkway from the City for events.

  f. in failing to exercise due care to protect the rights and safety of the Plaintiff.

14. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained severe and permanent injuries to her right ankle, including but not limited a fracture which required surgery for insertion of metal plates and screws.

15. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff has been and will be in the future, forced to expend substantial sums of money for the procurement of medical attention, treatment, therapy and surgeries, for which damages are claimed.

16. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff has suffered severe and permanent physical and mental pain, anguish, anxiety, and distress, for which damages are claimed.

17. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff's injuries as described herein are permanent and will cause her to suffer a loss of life's pleasures and companionships, and impaired range motion for which damages are claimed.

18. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff was unable to continue her employment and was forced to retire.

WHEREFORE, Plaintiff, Paulette Billie, demands judgment against Defendant in an amount in excess of compulsory arbitration jurisdiction limits together with costs.

## COUNT II – CONSORTIUM NEGLIGENCE
### (Plaintiff Ronald Billie v. Autism Speaks)

19. The allegations of paragraphs 1 through 18 inclusive are incorporated herein as if fully set forth at length.

20. At all times herein relevant, Plaintiff, Ronald Billie, was the lawful husband of Paulette Billie.

21. As a direct and proximate result of Defendant's negligence and Plaintiff, Ronald Billie's resulting injuries, Plaintiff Ronald Billie suffered damages due to loss of aid, assistance, society, and consortium of his wife.

WHEREFORE, Plaintiff, Ronald Billie, demands judgment against Defendant in an amount in excess of compulsory arbitration jurisdiction limits together with costs.

Respectfully submitted,

*ORLOSKI LAW FIRM*

/s/Richard J. Orloski  RJO2737
Richard J. Orloski
Attorney for Plaintiffs
111 N. Cedar Crest Blvd.
Allentown, PA 18104
(610) 433-2363

# CERTIFICATE OF SERVICE

I, Richard J. Orloski, HEREBY CERTIFY THAT I served a true and correct copy of the foregoing document upon the following person(s) via e-mail and via regular United States first class mail, postage pre-paid, addressed as follows:

Victoria Komarnicki, Esquire
BENNET, BRICKLIN & SALTZBURG
1601 Market Street, 16th Floor
Philadelphia, PA 19103
komarnicki@bbs-law.com

Date: May 15, 2012

*THE ORLOSKI LAW FIRM*

/s/Richard J. Orloski   RJO 2737
Richard J. Orloski
Attorney for Plaintiff
Attorney ID No. 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363