IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE BILLIE and<br>RONALD BILLIE, h/w | :<br>: CIVIL ACTION<br>: |
| v. | :<br>:<br>: NO. 12-cv-02261 |
| AUTISM SPEAKS, INC. | : |

## ANSWER OF DEFENDANT, AUTISM SPEAKS, INC., TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

### ANSWER

1. Denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief regarding the truth of the allegations of this paragraph of the amended complaint and, accordingly, said allegations are denied and strict proof thereof is demanded at the time of trial.

2,3. Denied. Autism Speaks, Inc. is a non-profit corporation incorporated under the laws of the state of Delaware with an office located at 1060 State Road, 2nd Floor, Princeton, New Jersey, and a principal place of business at 1 East 33rd Street, New York, New York 10016. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief regarding the allegations of the amount in controversy and, accordingly, said allegations are denied and strict proof thereof is demanded at the time of trial.

4. Denied. It is admitted only that plaintiff had registered for the April 16, 2011 Autism Speaks fund raising walk held at Lehigh Parkway, Allentown, Pennsylvania. The allegations that plaintiff, Paulette Billie, was a patron, that she was on defendant's premises, and that she slipped and fell while walking in the designated parking area are denied and strict proof thereof is demanded at

the time of trial.

5.  Denied. Answering defendant incorporates herein by reference paragraphs 1 through 4 hereof with the same force and effect as if set forth here at length.

6.  Denied. It is admitted only that answering defendant organized a fund raising walk event that took place at Lehigh Parkway, Allentown, Pennsylvania on April 16, 2011. The allegations concerning responsibility, maintenance, and preparation are denied and strict proof thereof is demanded at trial.

7-9.  Denied. The allegations concerning the agency and employment of an unidentified individual are denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of these paragraphs of the amended complaint and, accordingly, said allegations are denied and strict proof thereof is demanded at the time of trial.

10.  Denied. The allegations concerning a contractual relationship, assumption of liability and occupation are denied.

11.  Denied. This paragraph of the amended complaint is a statement of law to which no answer is required. By way of further answer, the allegations concerning occupation, maintenance and use are denied and strict proof thereof is demanded at the time of trial.

12-18. Denied. The allegations concerning duty of care, negligence, direct and proximate causation, possession, occupation and knowledge of a dangerous condition are denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of these paragraphs of the amended complaint and, accordingly, said allegations are denied and strict proof thereof is demanded at the

time of trial.

19. Denied. Answering defendant incorporates herein by reference paragraphs 1 through 18 hereof with the same force and effect as if set forth here at length.

20-21. Denied. The allegations of negligence and causation set forth in these paragraphs of the amended complaint are denied. After reasonable investigation, answering defendant is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations of these paragraphs of the amended complaint and, accordingly, said allegations are denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, answering defendant demands that plaintiff's amended complaint against it be dismissed.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole in or in part by the applicable provisions of the Pennsylvania Recreational Use of Land and Waters Act. 68 Pa.C.S. § 477-1 *et seq.* (2012).

### SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Lehigh Parkway was land held open to the public for recreational use for no fee.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant Autism Speaks, Inc. did not maintain, manage, possess, operate, and/or supervise in whole or in part, the area of Lehigh Parkway where plaintiff claims she fell.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant had neither actual nor constructive knowledge of any defective, unsafe,

or dangerous conditions of the area where plaintiff claims she fell.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by plaintiff's waiver of "any and all rights, claims, liablities, and causes of action whatsoever I or my child may have against Autism Speaks, Inc. its affiliates and the event operators and sponsors and each of their respective officers, directors, employees and agents (the "Event Parties") relating to or arising from my or my child's participation in the Event, including but not limited to personal injury." See Autism Speaks, Inc. Waiver, attached hereto as Exhibit "A", which plaintiff, Paulette Billie, knowingly and willingly agreed to when she registered online for the Autism Speaks April 16, 2011 walk, and checked the box indicating that she "read and agree to the Participant Waiver."

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by any applicable statutory immunity under Pennsylvania law.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages and/or losses sustained by plaintiff were caused by an unforseen naturally occurring condition on the land.

## EIGHTH AFFIRMATIVE DEFENSE

Answering defendant believes, and therefore avers, that any negligent act or omission on the part of answering defendants was not the proximate cause of plaintiff's alleged injuries.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act.

## TENTH AFFIRMATIVE DEFENSE

If the incident averred in plaintiff's complaint occurred as alleged, then plaintiff and/or other individuals were negligent and their negligence was an intervening and/or superseding cause of the injuries and/or damages alleged, any negligence on the part answering defendant being specifically denied.

WHEREFORE, answering defendant demands that plaintiff's amended complaint against it be dismissed.

                              BENNETT, BRICKLIN & SALTZBURG LLC

                              BY: *Victoria M. Komarnicki*
                                    VICTORIA M. KOMARNICKI
                                    I.D. No. 34673
                                    1601 Market Street, 16th Floor
                                    Philadelphia, PA 19103
                                    215-561-4300
                                    komarnicki@bbs-law.com
                                    **Attorney for Defendant,**
                                    **Autism Speaks, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAULETTE BILLIE and** | : | |
| **RONALD BILLIE, h/w** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 12-cv-02261 |
| **AUTISM SPEAKS, INC.** | : | |

The undersigned certifies that this document has been filed electronically and is available for viewing and downloading from the ECF System.  Service is thereby made on:

Richard J. Orloski, Esquire
Orloski Law Firm
111 North Cedar Crest Boulevard
Allentown, Pennsylvania 18104
orloski.law@gmail.com

                                          **BENNETT, BRICKLIN & SALTZBURG** LLC

                                          BY: *Victoria M. Komarnicki*
                                              **VICTORIA M. KOMARNICKI**
                                              I.D. No.  34673
                                              **1601 Market Street, 16th Floor**
                                              **Philadelphia, PA 19103**
                                              215-561-4300
                                              komarnicki@bbs-law.com
                                              **Attorney for Defendant,**
                                              **Autism Speaks, Inc.**

DATE: 5/23/12

# Exhibit "A"

ion > **2011 Walk Now for Autism Speaks: Lehi...** > **Bookkeeping** > **Manage Initiative Records** > **Edit Participant**

**Participant's Name: Paulette Billie**

### Manage Initiative Records

| General Information | Edit Registration Information | Edit Event Information | Apply/Edit Credits & Debits | Delete Record from Initiative |

#### Move Participant to Another Event

This participant is a Team Captain of a team with other team members. To move this participant, you must first make another participant the Team Captain.

#### Edit Event Fields

Participant waiver: ☑ I have read and agree to the Participant Waiver.

[Save] [Cancel]



Waiver